**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA HERNANDEZ,<br><br>            *Plaintiff,*<br><br>   vs.<br><br>CITY OF CATHEDRAL CITY; et al.,<br><br>            *Defendants.*<br>_____ | CASE NO. CV 11-4189 DMG (DTBx)<br><br>*Hon. Dolly M. Gee*<br>*Magistrate: David T. Bristow*<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL MATERIALS** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

After reviewing the parties' joint Stipulation for Protective Order re: Disclosure of Confidential Materials, and finding good cause therefore, the Court hereby orders:

1. The parties may designate as confidential all recorded and transcribed interviews and statements regarding this matter, taken by the Cathedral City Police Department pursuant to its internal investigation of the incident, all of which Defendants believe might contain information of a privileged, confidential, private or sensitive nature, and the public dissemination of which Defendants believe jeopardize compelling interests in preserving the integrity of the Cathedral City Police Department's internal investigations, both by assuring that even self-incriminating officer statements can be compelled and by facilitating accurate and thorough self-critical investigations by the Cathedral City Police

Department without the fear of having information used against the officers in court, and to protect the defendant officers' right of privacy, by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. The category of documents and other tangible things so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation.

    2.    Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

    3.    Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

    (a)    Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

    (b)    The Plaintiffs in this action;

    (c)    Such other parties as may be agreed by written stipulation among the parties hereto.

    4.    Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a), 3(b) or 3(c), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

Dated: _____/s/_____"

5. Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the Defendants, except as to Court personnel. All Confidential Information disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants.

6. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall not produce any Confidential Information prior to the date specified for production in the subpoena, so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. No party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants. However, in no event should production or disclosure be made without written notice to Defendants' counsel unless required by court order after serving written notice to Defendants' counsel.

7. When filing any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation, and portions thereof which contain, reflect, incorporate or refer to Confidential Information shall be filed under seal, after written application to the Court made pursuant to Local Rule 79-5. If the Court approves the application to file the documents under seal, the original and judge's copy of the document shall be sealed in separate envelopes with a title page affixed to the outside of each envelope. No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.

8. Nothing herein shall apply to evidence presented at court proceedings or trial. Any protective measures relating to Confidential Information disclosed in open court should be taken up with the judicial officer conducting the particular proceeding at the appropriate time

9. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

10. The Stipulated Protective Order survives settlement, trial and/or appeal.

***IT IS SO ORDERED:***

DATED: February 7, 2012

Honorable David T. Bristow
UNITED STATES MAGISTRATE JUDGE